**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000266
20-JUN-2013
07:57 AM**

NO. CAAP-12-0000266

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARK C. KELLBERG, Plaintiff-Appellant,
v.
CHRISTOPHER J. YUEN in his capacity as
Planning Director, County of Hawai'i,
and COUNTY OF HAWAI'I, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0157)

MEMORANDUM OPINION
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Plaintiff-Appellant Mark C. Kellberg (Kellberg) appeals
from the February 28, 2012 Final Judgment and various orders
entered in the Circuit Court of the Third Circuit[1] (circuit
court) which inter alia granted summary judgment on all counts in
favor of Defendants-Appellees Christopher J. Yuen (Planning
Director) and the County of Hawai'i (collectively, County).

I.   BACKGROUND

This appeal arose from the Planning Director's approval
of a subdivision in the County of Hawai'i.  In 2000, the Planning
Director determined the subject property (Parcel) consisted of
six pre-existing lots.  Based on this determination, the Parcel's
owner, Michael Pruglo (Pruglo), sought to consolidate and re-
subdivide the Parcel into six lots.

---

[1]     The Honorable Glenn S. Hara presided until December 17, 2010.  The
Honorable Ronald Ibarra presided thereafter.

Hawai'i County Code Chapter 23 (Subdivision Control Code) states: "The requirements and standards of [the Subdivision Control Code] shall not apply to consolidation and resubdivision action[s] resulting in the creation of the same or fewer number of lots than that which existed prior to the consolidation/resubdivision action[.]" Subdivision Control Code § 23-7. Based on the 2000 recognition of six pre-existing lots,[2] the Planning Director issued a final subdivision approval for the Parcel on July 11, 2005. However, an updated survey later revealed an additional, separate non-contiguous lot, such that the subdivision approval resulted in seven rather than six lots.

Kellberg owns property adjacent to the Parcel. In August 2005, he became aware of the subdivision approval, and he began seeking to challenge the seven-lot subdivision. Kellberg wrote to the Planning Director on August 16, 2005 and January 17, 2006 and to the Hawai'i County Board of Appeals (BOA) on March 5, 2006.

On March 21, 2006, the BOA responded by referring Kellberg to its Rules of Practice and Procedure (BOA Rules) and cited BOA Rules section 8-3, which requires that appeals of the Planning Director's decision be filed within thirty days after

---

[2] Subdivision Control Code § 23-118 sets forth the criteria for determining a pre-existing lot:

Section 23-118. Criteria to determine a pre-existing lot.

The director shall certify that a lot is pre-existing if the lot meets one of the following criteria:

(a) The lot was created and recorded prior to November 22, 1944 or the lot was created through court order (e.g. partition) prior to July 1, 1973, and the lot had never been legally consolidated, provided that no preexisting lot shall be recognized based upon a lease except for a lease which complied with all other applicable laws when made, including Territorial statutes regulating the sale or lease of property by lot number or block number, and on September 25, 2002, the proposed lot contains a legal dwelling, or has been continuously leased since January 8, 1948, as a separate unit.

(b) The lot was created prior to December 21, 1966, as an agricultural lot in excess of twenty acres pursuant to County ordinance.

the decision.  The BOA noted thirty days had passed since the subdivision approval.

Kellberg and his attorney then wrote to the Planning Director again on June 19, 2006, and August 25, 2006.  The Planning Director responded by letter on October 23, 2006.  He acknowledged Kellberg had correctly identified a mistake in the Parcel's subdivision approval, but he stated he was "not going to do anything to undo this situation at this time."

On May 11, 2007, Kellberg filed a complaint in the circuit court seeking declaratory and injunctive relief and damages.  The complaint alleged the subdivision approval was invalid because the Parcel consisted of only two pre-existing lots, and the seven-lot subdivision[3] did not comply with the Subdivision Control Code.  Kellberg also alleged the County violated the Fifth and Fourteenth Amendments of the United States Constitution and article I, section 5 of the Hawai'i Constitution by failing to provide him with notice and an opportunity to be heard regarding the subdivision approval.  It is undisputed that Kellberg never filed an appeal to the BOA before filing his complaint in the circuit court.

The County filed a motion to dismiss arguing inter alia that Kellberg had failed to exhaust his administrative remedies because he had never appealed the subdivision approval to the BOA.  The circuit court denied this motion, concluding "the County has not shown that there were administrative processes available to Mr. Kellberg providing meaningful and adequate notice of [the subdivision approval] and an opportunity to appeal the Planning Director's decision."

Kellberg filed a motion for partial summary judgment on May 27, 2009.  On July 24, 2009, the circuit court entered an order granting Kellberg's motion which stated:

---

[3]     Some time after Kellberg filed his complaint, the non-contiguous lot was consolidated with an adjoining property such that the Parcel's resubdivision action resulted in six lots.

> Plaintiff [Kellberg] should have been allowed to appeal the decision of October 23, 2006 pursuant to [Subdivision Control Code § 23-5] but Plaintiff was denied such an opportunity to appeal. The Court remands this case to the [BOA] for the County of Hawai'i regarding the Appeal of the Decision of the Director found in the October 23, 2006 letter to Mr. Kellberg.

Kellberg accordingly filed a notice of appeal to the BOA on September 15, 2009. The County filed a motion to dismiss for lack of jurisdiction, which the BOA granted. The BOA's decision cited BOA Rules §§ 8-2 and 8-3, which requires an appeal from the Planning Director's decision to be filed within thirty days after the decision. The BOA concluded it lacked jurisdiction over Kellberg's untimely appeal of the Planning Director's October 23, 2006 decision.

Kellberg then filed in the circuit court a motion for an injunction and for partial summary judgment on his injunction claim. The circuit court denied this motion on October 15, 2010, concluding the remand to the BOA had rendered the injunction claim moot, and Kellberg had failed to exhaust his administrative remedies by failing to appeal the BOA's decision.

The County moved for summary judgment on all counts on April 21, 2011. The circuit court granted the County's motion on June 16, 2011, concluding "the record reflects the absence of any genuine issue of material fact." The circuit court entered its Final Judgment on February 28, 2012, from which Kellberg timely appealed. On appeal, Kellberg raises several points challenging the summary judgment grant as well as several of the circuit court's previous orders.

## II. STANDARD OF REVIEW

> The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void.

4

Lingle v. Hawaiʻi Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005) (quoting Amantiad v. Odum, 90 Hawaiʻi 152, 158-59, 977 P.2d 160, 166-67 (1999)).

## III.  DISCUSSION

We conclude Kellberg failed to exhaust the administrative remedies available to him before commencing his action, leaving the circuit court without jurisdiction to act on his complaint.  We therefore vacate the Final Judgment and remand for an order dismissing the case in the circuit court.

> Exhaustion . . . comes into play where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course.  The exhaustion principle asks simply that the avenues of relief nearest and simplest should be pursued first.  Judicial review of agency action will not be available unless the party affected has taken advantage of all the corrective procedures provided for in the administrative process.

Kona Old Hawaiian Trails Group v. Lyman, 69 Haw. 81, 93, 734 P.2d 161, 169 (1987) (internal quotation marks, citations, and ellipses omitted).  In the interest of judicial economy, the doctrine of exhaustion temporarily divests a court of jurisdiction.  Williams v. Aona, 121 Hawaiʻi 1, 9, 210 P.3d 501, 509 (2009).  Although administrative agencies lack jurisdiction to consider constitutional issues, Aged Hawaiians v. Hawaiian Homes Com'n, 78 Hawaiʻi 192, 202, 891 P.2d 279, 289 (1995), if relief may be granted on non-constitutional grounds, the necessity of deciding constitutional issues may be avoided and exhaustion may be required.  Hawaii Gov't Employees Ass'n, AFSCME Local 152, AFL-CIO v. Lingle, 124 Hawaiʻi 197, 208, 239 P.3d 1, 12 (2010).

The BOA Rules and the Subdivision Control Code expressly provide an administrative process for resolving Kellberg's claims challenging the Planning Director's decision to grant the subdivision approval.  Subdivision Control Code § 23-5 states: "Any person aggrieved by the decision of the [Planning Director] in the administration or application of this chapter,

may, within thirty days after the [Planning Director's] decision, appeal the decision to the [BOA]." Part 8 of the BOA Rules also states the thirty-day time limit and sets forth the procedure for filing a petition to the BOA. "The time limit for the taking of an appeal established by statute is mandatory and if not complied with, the appeal must be dismissed." Tanaka v. Dep't of Hawaiian Home Lands, 106 Hawai'i 246, 250, 103 P.3d 406, 410 (App. 2004).

Here, Kellberg did not file a petition for an appeal until the circuit court issued its July 24, 2009 order "remanding" the case to the BOA. As noted above, the circuit court denied the County's motion to dismiss because it concluded Kellberg did not have an adequate opportunity to appeal. The court based its conclusion on the March 2006 communications between Kellberg and the BOA. On March 5, 2006, Kellberg wrote a letter to the BOA summarizing his challenge to the subdivision approval and stating the Planning Director had not yet responded to him. The BOA responded by referring Kellberg to the BOA Rules and noting that thirty days had passed since the subdivision approval. The court stated the BOA's letter could be interpreted as foreclosing Kellberg's right to appeal, and it concluded Kellberg did not have an administrative remedy available to him.

We disagree. The BOA's letter addressed Kellberg's right to appeal the July 11, 2005 subdivision approval only; it did not preclude or otherwise address Kellberg's right to appeal any other decision of the Planning Director. The Planning Director's October 23, 2006 letter, in which he refused to reconsider the subdivision approval despite the error, constituted an appealable decision from which Kellberg should have appealed to the BOA. The fact that Kellberg and his attorney continued to write to the Planning Director after receiving the BOA's letter demonstrates his understanding that administrative remedies remained available to be invoked.

This case is distinguishable in several respects from Hoku Lele, LLC v. City & Cnty. of Honolulu, 129 Hawai'i 164, 296 P.3d 1072 (App. 2013), in which this court concluded the

plaintiffs were not required to exhaust their administrative remedies.  First, the applicable administrative rules in <u>Hoku Lele</u> limited the scope of the zoning board of appeals' jurisdiction to reviewing four specifically enumerated decisions of the planning director, such as a decision rendered on a zoning variance request.[4]  <u>Id.</u> at 167, 296 P.3d at 1075.  In contrast, the BOA Rules define the BOA's jurisdiction broadly, allowing for appeals of any "decision of the Director in the administration or application of the Zoning, Subdivision, and Advertising and Sign chapters of the Code[.]"  BOA Rules § 8-2.

Moreover, in <u>Hoku Lele</u> we noted the planning director's letters actively discouraged the plaintiffs from appealing by indicating his letters were not an appealable decision within the zoning board of appeals' limited jurisdiction.  <u>Hoku Lele</u>, 129 Hawai'i at 168-69, 296 P.3d at 1076-77.  The planning director advised the plaintiffs to request a zoning variance, thereby suggesting the planning director could take further action that would culminate in an appealable decision.  In this case, it was clear the Planning Director's October 23, 2006 letter constituted an appealable decision, and the BOA's letter did not deny or even address the appealability of that decision.

The Subdivision Control Code and the BOA Rules broadly provide a meaningful right to appeal for all persons aggrieved by

---

[4]    The Rules of the Zoning Board of Appeals §§ 21-1, 22-1 described the Zoning Board of Appeals' jurisdiction as follows:

§ 21-1 <u>Definitions</u>.

**"Action of the director"** means a decision rendered on an application pursuant to the Land Use Ordinance or the Subdivision Ordinance; a decision rendered on a request for a zoning variance; a decision rendered on a petition for declaratory ruling; a decision rendered on a request for reconsideration pursuant to part 1, chapter 4, Rules of Practice and Procedure of the department of land utilization; and an enforcement order[.]

§ 22-1 <u>Petition</u>. (a) Any person who is specially, personally, or adversely affected by an action of the director may appeal the director's action to the board by submitting a written petition to the board[.]

a decision of the Planning Director. It is true that at the time, the law did not require formal notice to Kellberg of the final subdivision approval,[5] and the BOA's letter denied his right to appeal that approval. However, Kellberg received an appealable decision in the form of the Planning Director's October 23, 2006 letter, and he failed to pursue the available administrative procedures by appealing to the BOA within the time limit. Therefore, we conclude Kellberg failed to exhaust administrative remedies with respect to the October 23, 2006 decision, and the circuit court should have dismissed Kellberg's action for lack of subject matter jurisdiction.

## IV. CONCLUSION

We vacate the February 28, 2012 Final Judgment entered in the Circuit Court of the Third Circuit and remand this case for an order dismissing the case.

DATED: Honolulu, Hawai'i, June 20, 2013.

On the briefs:

Mark C. Kellberg
(on the opening brief)
Plaintiff-Appellant pro se.

Stephen D. Whittaker
(on the reply brief[6])
for Plaintiff-Appellant.

Michael J. Udovic
Laureen L. Marten
Deputies Corporation Counsel,
County of Hawai'i
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

---

[5] When the Planning Director granted the final subdivision approval to Pruglo, the Subdivision Control Code did not require any notice to adjoining property owners. The Subdivision Control Code was subsequently amended to require subdivision applicants to post a sign on the subject property notifying the public of the subdivision application. See Subdivision Control Code § 23-58.1.

[6] Appellant's reply brief violates the page limit set forth in Hawai'i Rules of Appellate Procedure Rule 28(a). Counsel's attempt to circumvent the page limit by using "endnotes" instead of footnotes will not be permitted. A future violation may result in sanctions.